# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT STEVE BURROWS, )
                 Plaintiff, )
v. ) Case No. CIV-18-335-SLP
WAL-MART STORES EAST, LP, )
                 Defendant. )

**O R D E R**

Before the Court are Plaintiff's Motions in Limine [Doc. No. 33]. Plaintiff's motions (filed as a single document) are at issue. *See* Resp., Doc. No. 39.[1]

**I.**    **Introduction and background**

On December 16, 2016, Plaintiff visited Defendant's Stillwater retail location. Plaintiff alleges that he slipped and injured himself because of an unmarked, clear liquid in the men's restroom—which Plaintiff contends had been mopped recently. Plaintiff asserts a single claim for premises liability/negligence against Defendant. *See* Pet., Doc. No. 1-2. To prevail on a premises liability claim, Plaintiff must prove "(1) existence of a duty on the part of the defendant to protect a plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately resulting therefrom." *Scott v. Archon Grp., L.P.*, 2008 OK 45, ¶ 17, 191 P.3d 1207, 1211.

---

[1] Because the issues addressed in Plaintiff's limine motions were also discussed in Defendant's Trial Brief [Doc. No. 27] and the response [Doc. No. 35] and reply [Doc. No. 41] thereto, the Court has considered these additional filings in resolving the limine issues addressed herein.

"The purpose of a motion *in limine* is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial." *Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08-cv-578-WJM-CBS, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012). "Properly filed motions *in limine* permit the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* (quotation marks omitted). Motions in limine "are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. Dist. of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (quotation marks omitted). Limine motions "should target their arguments to demonstrating why certain items or categories of evidence should (or should not) be introduced at trial, and [they should] direct the trial judge to specific evidence in the record that would favor or disfavor the introduction of those particular items or categories of evidence." *Id.* at 11.

Some limine rulings, like those involving balancing under Federal Rule of Evidence 403, are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in at trial. Thus, a court's limine rulings are subject to change as the case unfolds or at the Court's discretion. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). Or, a judge may decline to rule on an issue raised via limine motion, preferring to "await developments at trial before [so] ruling" to allow the "decision[ to] be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Graves*, 850 F. Supp. 2d at 11 (quotation marks and citations omitted).

The Court expects the parties' counsel to abide by these rulings. Counsel are to make relevant witnesses aware of the rulings indicated herein as well.

## II.   Discussion and analysis

### A.   Previous injuries to Plaintiff and related claims/litigation

Plaintiff seeks to exclude "any reference, testimony or evidence of any unrelated claims, [l]itigation, injuries and/or incidents." Mot. 1, Doc. No. 33. Essentially, Plaintiff seeks to limit evidence regarding any prior injuries he sustained or incidents that could have injured him to those parts of his body that he claims were injured as a result of Defendant's alleged negligence. Plaintiff indicates that he is seeking compensation for injuries to his left arm and back only, while Defendant indicates that Plaintiff is seeking compensation for injuries to his left arm, back, right leg, and right groin area. *Compare* Mot. 1, Doc. No. 33, *with* Resp. 1, Doc. No. 39. The Court need not resolve which body parts are at issue now; Plaintiff's testimony will definitively clarify what injuries he claims resulted from any negligence by Defendant.[2] The Court will allow evidence otherwise admissible regarding prior injuries or alleged injuries of Plaintiff to those body parts which Plaintiff claims at trial were injured, as well as injuries to other of Plaintiff's body parts that could have led to injuries of the body parts put at issue by Plaintiff at trial.

To the extent Defendant seeks to introduce prior injuries to Plaintiff regarding other body parts (e.g., if Plaintiff injured his right arm previously when an injury to Plaintiff's right arm has not been put at issue by Plaintiff), counsel should ask for a bench conference

---

[2] Were Plaintiff's list of allegedly injured body parts more extensive that Defendant's list, the Court's decision to delay resolution of this issue to trial might be different.

3

to obtain a ruling on presentation of such evidence before introducing it. The Court will rule on such evidence based on trial developments to allow the Court's "decision[ to] be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Graves*, 850 F. Supp. 2d at 11 (quotation marks and citations omitted); *see Simpson v. Saks Fifth Ave., Inc.*, No. 07-CV-157-CVE-PJC, 2008 WL 3388739, at *5 (N.D. Okla. Aug. 8, 2008) ("Plaintiff's prior medical history will be an issue to the extent that she makes it an issue at trial. If she attempts to claim damages for a pre-existing injury that defendant believes was not aggravated by her slip and fall, defendant will be permitted to introduce medical evidence to the contrary. Likewise, if plaintiff claims that her fall exacerbated a pre-existing condition, the jury must be informed of the nature of the pre-existing condition to determine the proper measure of damages. . . . [P]laintiff's medical history with no relevance to the present accident should be excluded. However, it would be premature to exclude references to plaintiff's medical history without more information about the injuries she allegedly suffered in her slip and fall.").

Plaintiff also makes a related request to limit evidence regarding prior injuries to the fact of the injury (and its treatment) as opposed to whether Plaintiff filed litigation or entered a settlement regarding the injury. Defendant does not appear to oppose this portion of Plaintiff's request, responding only that it "should be able to question Plaintiff concerning his prior medical history" (which Defendant will be able to do (*see supra*)) "to establish [whether] the physical complaints he has alleged in this litigation are actually the result of a pre-existing condition." Resp. 2, Doc. No. 39. Evidence that prior injuries

4

resulted in litigation, insurance claims, or settlements is not relevant unless such information is necessary for impeachment or another proper purpose established at trial.

     **B.**     **Plaintiff's non-use of health insurance**

Plaintiff seeks to exclude inquiry of Plaintiff "about why he did or did not have health insurance and if he did, why his bills were not submitted to his insurer." Mot. 2, Doc. No. 33. Plaintiff bases his arguments in the likelihood of issue confusion, misleading the jury, and unnecessary delay. *See* Fed. R. Evid. 403. Oppositely, Defendant seeks the Court's permission to inquire of Plaintiff why all but one of his medical bills either (i) were not submitted to his health insurer or (ii) were issued by a medical provider who did not accept insurance (or at least did not accept Plaintiff's health insurance). *See* Def.'s Tr. Br. 1-2, Doc. No. 27. Defendant accuses Plaintiff of choosing particular medical providers "to drive up the cost of a potential settlement or a verdict if a jury finds in favor of Plaintiff" and wants to inquire of Plaintiff regarding these issues to impugn Plaintiff's credibility. Resp. 2, Doc. No. 39. Defendant also argues that Plaintiff's failure to submit medical bills for insurer payments and to choose providers who would make such submissions shows that he did properly mitigate his damages—i.e., he did not act with ordinary care.

Both Plaintiff and Defendant argue for use of inapplicable concepts. First, the Court agrees with Plaintiff that *James v. Midkiff*, 888 P.2d 5 (Okla. Civ. App. 1994), does not support Defendant's position. In that case, the Oklahoma Court of Civil Appeals[3]

---

[3] "A federal court sitting in diversity[] must ascertain and apply Oklahoma law with the objective that the result obtained in federal court would be the result obtained in state court. Federal courts are obliged to follow the rulings of the state's highest court, but [they] are not bound by intermediate appellate decisions to the extent that federal courts are bound to

explained the requirement of damages mitigation in a personal injury case: "The duty to mitigate damages in a personal injury action merely requires the use of ordinary care to secure timely medical treatment after an injury." *Id.* at 6. Here, there is no indication that Plaintiff failed "to secure timely medical treatment." *Id.* Rather, Defendant argues that Plaintiff secured the wrong type of medical treatment. Such an argument does not implicate Oklahoma's mitigation-of-damages duty—at least not as it is stated in *James* (the authority relied on by Defendant).

Second, the Court agrees with Defendant that the collateral source rule (argued by Plaintiff as a basis to exclude the testimony sought by Defendant) is not implicated either. "In a tort action, evidence that an injured party *has received compensation* from a collateral source wholly independent of the defendant is not admissible." *Simpson*, 2008 WL 3388739, at *1 (emphasis added). Here, Defendant does not allege that Plaintiff "has received compensation;" Defendant instead alleges that Plaintiff could have received—but did not receive—compensation. *Id.* Plaintiff provides no authority for his proposition that a potential, but not realized, payment (or discount in amount due) fits within the scope of the collateral source's exclusionary rule.

---

determine state law as it believes the state high court would. Intermediate court decisions have been regarded by the Tenth Circuit as indicia of the leanings of the state's highest court and have followed suit unless other authority convinces [the federal court] that the state supreme court would decide otherwise." *Truesdell v. State Farm Fire & Cas. Co.*, 960 F. Supp. 1511, 1515 (N.D. Okla. 1997) (quotation marks and citations omitted). Here, the Court has not been presented any authority indicating that the Oklahoma Supreme Court would decide differently than the Court of Civil Appeals decided in *James*.

Having set aside both the issue of damages mitigation and the collateral source rule, the Court proceeds with a straight-forward application of Rules 401, 402, and 403. Doing so, the Court finds that the evidence which Defendant seeks to introduce is not relevant under Rule 401 and that its probative value is not outweighed by the likelihood of issue confusion and misleading the jury under Rule 403. The evidence would be relevant only to the amount of damages for the jury to award to Plaintiff if the jury finds Defendant liable. This issue, though, is controlled by Okla. Stat. tit. 12, § 3009.1(C): "If no [medical] bills have been paid, or no statement acknowledged by the medical provider or sworn testimony as provided in subsections A and B of this section is provided to the opposing party and listed as an exhibit by the final pretrial hearing, then the amount billed shall be admissible at trial subject to the limitations regarding any lien filed in the case." The single medical bill submitted to Plaintiff's health insurer is covered by § 3009.1(A). *See Lee v. Bueno*, 2016 OK 97, ¶ 14, 381 P.3d 736, 743 (indicating that when an insured plaintiff submits a medical bill to a health insurer and the "medical provider is contractually obligated to accept what the insurer paid as payment in full, the [plaintiff] is prohibited from admitting the full amount of the original bill into evidence, and is limited to only the amount [his] insurer paid").

Defendant's argument that Plaintiff's "actions speak to the financial interest of Plaintiff in the outcome of the trial and the jury should be able to consider the facts and circumstances that affect the believability of Plaintiff" is unavailing. Resp. 3, Doc. No. 39. Nearly every plaintiff has some sort of financial interest in the outcome of litigation. The jury will be acquainted with the fact that Plaintiff is seeking money from Defendant by the

7

fact of the lawsuit and the evidence presented. Any additional benefit to Defendant provided by the evidence it seeks to introduce is substantially outweighed by a likelihood of confusing the jury regarding the application of § 3009.1 and undue prejudice to Plaintiff.

## III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motions in Limine [Doc. No. 33] are GRANTED IN PART and DENIED IN PART as stated herein.

IT IS SO ORDERED this 28th day of May, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE