# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT STEVE BURROWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-335-SLP |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

Before the Court are Defendant's Motions in Limine [Doc. No. 28]. Defendant's motions (filed as a single document) are at issue. *See* Resp., Doc. No. 34; Reply, Doc. No. 43.

## I.   Introduction and background

On December 16, 2016, Plaintiff visited Defendant's Stillwater retail location. Plaintiff alleges that he slipped and injured himself because of an unmarked, clear liquid in the men's restroom—which Plaintiff contends had been mopped recently. Plaintiff asserts a single claim for premises liability/negligence against Defendant. *See* Pet., Doc. No. 1-2. To prevail on a premises liability claim, Plaintiff must prove "(1) existence of a duty on the part of the defendant to protect a plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately resulting therefrom." *Scott v. Archon Grp., L.P.*, 2008 OK 45, ¶ 17, 191 P.3d 1207, 1211.

"The purpose of a motion *in limine* is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial." *Dry*

*Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08-cv-578-WJM-CBS, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012). "Properly filed motions *in limine* permit the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* (quotation marks omitted). Motions in limine "are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. Dist. of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (quotation marks omitted). Limine motions "should target their arguments to demonstrating why certain items or categories of evidence should (or should not) be introduced at trial, and [they should] direct the trial judge to specific evidence in the record that would favor or disfavor the introduction of those particular items or categories of evidence." *Id.* at 11.

Some limine rulings, like those involving balancing under Federal Rule of Evidence 403, are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in at trial. Thus, a court's limine rulings are subject to change as the case unfolds or at the Court's discretion. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). Or, a judge may decline to rule on an issue raised via limine motion, preferring to "await developments at trial before [so] ruling" to allow the "decision[ to] be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Graves*, 850 F. Supp. 2d at 11 (quotation marks and citations omitted).

The Court expects the parties' counsel to abide by these rulings. Counsel are to make relevant witnesses aware of the rulings indicated herein as well.

## II. Discussion and analysis

### A. Defendant's exclusion requests to which Plaintiff does not object

Defendant asks the Court to exclude (i) "[p]ossible insurance coverage for Walmart," (ii) "[a]ccidents and/or injuries occurring at any other Walmart store[s]," (iii) "[o]ther accidents and/or injuries occurring at the subject Walmart which are not substantially similar to the allegations made by Plaintiff," (iv) "[e]vidence of Walmart's financial information, net worth, sales information and the number of Walmart stores," and (v) testimony from Dr. Will Clark or "any report, calculation or opinions created by Dr. Will Clark." Mot. 1-2, Doc. No. 28. Plaintiff indicates that he does not intend to present any such evidence. Accordingly, Defendant's requests for exclusion of these types of evidence are GRANTED based on the parties' agreements regarding the same.

### B. Defendant's subsequent remedial measures

Defendant requests that the Court prohibit Plaintiff from "introducing [evidence] of subsequent measures to prove negligence or culpable conduct" under Rule 407. Mot. 5, Doc. No. 28. Plaintiff indicates that any evidence regarding post-injury actions taken by Defendant will be introduced for a permissible purpose—i.e., impeachment and to rebut defenses offered by Defendant. *See* Fed. R. Evid. 407.

To the extent Defendant seeks to prevent Plaintiff from introducing video taken outside its restroom from immediately following when Plaintiff claims to have been injured, Defendant's exclusion request is denied. Based on the description of the video provided by both Plaintiff and Defendant, it appears to the Court that the video is relevant. Defendant's objection to the video is that it does not show the location where Plaintiff

claims to have actually been injured. But Defendant may inquire of any witness with which Plaintiff's counsel discusses the video regarding what the vide does or does not show.

Lacking sufficient context at this time to rule further on Defendant's limine request, the Court will reserve ruling on questions related to the remainder of this request until trial. If the Court allows admission of evidence falling within the scope of Rule 407, the Court will issue an appropriate limiting instruction to the jury at Defendant's request regarding their consideration of such evidence. *See Rimkus v. Nw. Colo. Ski Corp.*, 706 F.2d 1060, 1066 (10th Cir. 1983).

### C. Plaintiff's non-use of health insurance

Defendant's sixth limine request—for exclusion of "[a]ny mention of medical bills beyond those paid by insurance, [by] Plaintiff, or [as shown by] liens filed for those bills" (*id.* at 2)—has been addressed by the Court in its ruling on Plaintiff's limine motions, being filed contemporaneously hereto. No additional expansion on the Court's ruling is required.

### D. Plaintiff's medical records and bills

Defendant asks the Court to bar Plaintiff from "introduc[ing] numerous medical records and/or bills by his own testimony." Mot. 8, Doc. No. 28. To the extent Defendant's request addresses Plaintiff's medical bills, it is moot based on the parties' stipulation as to "the identify and authenticity of [Plaintiff's] medical bills." Resp. 5, Doc. No. 34; *see* Reply 2, Doc. No. 43 (indicating only that the parties have not reached a stipulation as to Plaintiff's medical records, but not addressing medical bills).

As to Defendant's request to bar Plaintiff from authenticating his own medical records regarding treatment and the necessity for such treatment, the Court will address

4

Plaintiff's medical records once such records are available to the Court for its review at trial. Plaintiff must, before such records are submitted to the jury, authenticate the records via stipulation, testimony of an appropriate witness, or as otherwise allowed by applicable rules and precedent. Plaintiff may not provide expert testimony regarding the reasonableness or necessity of his medical treatment unless such testimony is within Plaintiff's personal knowledge or the general knowledge of a lay person. *See infra* Part II.E.

> E. **Pseudo-expert testimony by Plaintiff regarding reasonableness and necessity of medical treatment and regarding injury causation**

Defendant fears that Plaintiff may "attempt to testify as to the nature and extent of his alleged injuries, [the] reasonableness and necessity of [his] medical treatment, and the causation of his injuries, including potential future medical treatment." Mot. 9, Doc. No. 28. The parties have not provided the Court sufficient information for it to evaluate what testimony Plaintiff intends to offer. Certainly, Plaintiff may testify regarding what he experienced and what he observed. However, to the extent Plaintiff attempts to opine regarding causation for medical injuries beyond that which is obvious to a lay person (e.g., if a person dropped a heavy object on someone's foot, the cause of injury to the foot might not require expert testimony absent any pre-existing condition), Plaintiff will be disallowed from doing so. *See* Fed. R. Evid. 701; *Shelton v. Apex Surgical, LLC*, No. CIV-08-1087-HE, 2009 WL 3837411, at *4 (W.D. Okla. Nov. 13, 2009). The Court reserves ruling on questions related to the remainder of this request until trial.

### F. Allegedly arbitrary safety rules

It is unclear from the parties' briefs what Defendant seeks to exclude and what Plaintiff seeks to introduce under Defendant's ninth limine request. Accordingly, Defendant's request is DENIED without prejudice to the issue being raised at trial where additional clarity may be provided to the Court regarding the evidence at issue.

## III. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motions in Limine [Doc. No. 28] are GRANTED IN PART and DENIED IN PART as stated herein.

IT IS SO ORDERED this 28th day of May, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE